IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

MICHAEL KING,

    Plaintiff,

v.                                                            C.A. NO.:   1:13-cv-00898

DCOMM, INC. and
HAKAN BALTAOGLU,

    Defendants.
_____/

## ORIGINAL COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW the Plaintiff, by and through his undersigned counsel, and sues the Defendants, DCOMM, INC. and HAKAN BALTAOGLU, and in support thereof states as follows:

1. Plaintiff brings this action for unpaid overtime and minimum wage compensation and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. §216(b).

2. Plaintiff is an individual residing in Harris County, Texas.

3. Defendant, DCOMM, INC., is a corporation formed and existing under the laws of the State of Texas and which maintains and operates an office in Travis County, Texas.

4. Defendant, HAKAN BALTAOGLU, at all times relevant to this claim acted directly or indirectly in the interest of Defendant DCOMM, INC., in relation to Plaintiff's employment and was substantially in control of the terms and conditions of the Plaintiff's work. Defendant HAKAN BALTAOGLU was an employer of the Plaintiff as defined by 29 U.S.C. §203(d).

5. Jurisdiction is conferred on this Court by Title 28 U.S.C. §1337 and. by Title 29 U.S.C. §216(b). At all times pertinent to this complaint, DCOMM, INC. was an enterprise engaged in interstate commerce. At all times pertinent to this Complaint, Defendants regularly owned and operated businesses engaged in commerce or in the production of goods for commerce as defined by §3(r) and 3(s) of the Act, 29 U.S.C. §203(r) and 203(s). Additionally, Plaintiff was individually engaged in commerce and his work was essential to Defendants' business.

6. Venue is proper in this district under 28 U.S.C. § 1391.

7. The Plaintiff worked for Defendants from June 2012 through July 12, 2013 as a manager.

8. During one or more weeks of Plaintiff's employment with Defendants, Plaintiff worked in excess of forty (40) hours (overtime hours).

9. During the weeks that Plaintiff worked overtime hours, the Defendants intentionally failed to pay Plaintiff one and one-half times his regular rate of pay for each overtime time hour worked.

10. During one or more weeks of Plaintiff's employment with Defendant, Plaintiff did not receive the applicable federal minimum wage for all hours worked during the week.

## COUNT I – OVERTIME

11. Plaintiff realleges and incorporates herein the allegations contained in Paragraphs 1 through 9 above.

12. The acts described in the preceding paragraph violate the Fair Labor Standards Act, which prohibits the denial of overtime compensation for hours worked in excess of forty (40) per workweek. Defendants willfully violated Plaintiff's rights under the FLSA.

13. As a result of Defendants' unlawful conduct, Plaintiff is entitled to actual and compensatory damages, including the amount of overtime which was not paid and which should have been paid.

14. Section 216(b) of the FLSA provides that any employer who violates the statute shall be liable for unpaid overtime pay and an additional equal amount as liquidated damages. Therefore, Plaintiff seeks an award of liquidated damages in an equal amount as the amount of unpaid overtime pay.

15. Plaintiff also seeks compensation of the out of pocket expenses and costs of court he will have incurred in this action. Plaintiff is also entitled to reasonable and necessary attorneys fees pursuant to 29 U.S.C. § 216(b).

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that:

1. The Court assume jurisdiction of this cause and that Defendants be cited to appear;

2. The Court award damages to Plaintiff as specified above with Defendants being found jointly and severally liable;

3. The Court award reasonable and necessary attorneys' and expert fees and costs;

4. The Court award Plaintiff pre-and post-judgment interest at the highest rates allowed.

Plaintiff further prays for any such other relief as the Court may find proper, whether at law or in equity.

## **COUNT II – MINIMUM WAGE**

16. Plaintiff realleges and incorporates the allegations contained in Paragraphs 1 through 7 and 10 above.

17.     The acts described in the preceding paragraphs violate the Fair Labor Standards Act, which prohibits the denial of minimum wage compensation for all hours worked in a workweek. Defendants willfully violated Plaintiff's right to minimum wage compensation under the FLSA.

18.     As a result of Defendants' unlawful conduct, Plaintiff is entitled to actual and compensatory damages, including the amount of unpaid minimum wages which were not paid and which should have been paid.

19.     Plaintiff also seeks compensation of the out-of-pocket expenses and costs of court he will have incurred in this action. Plaintiff is also entitled to reasonable and necessary attorneys' fees pursuant to 29 U.S.C. § 216(b).

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that:

1. The Court assume jurisdiction of this cause and that Defendants be cited to appear;

2. The Court award damages to Plaintiff as specified above with Defendants being found jointly and severally liable;

3. The Court award reasonable and necessary attorneys' and expert fees and costs;

4. The Court award Plaintiff pre- and post-judgment interest at the highest rates allowed.

Plaintiff further prays for any such other relief as the Court may find proper, whether at law or in equity.

## JURY TRIAL DEMAND

Plaintiff demands a jury trial on all issues so triable.

Respectfully submitted this 8th day of October, 2013.

        **ROSS LAW GROUP**
        1104 San Antonio Street
        Austin, Texas 78701
        (512) 474-7677 Telephone
        (512) 474-5306 Facsimile
        Charles@rosslawgroup.com

        */s/ Charles L. Scalise*
        **CHARLES L. SCALISE**
        Texas Bar No. 24064621

        **DANIEL B. ROSS**
        Texas Bar No. 00789810


        **ATTORNEYS FOR PLAINTIFF**